UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re Eletson Holdings

-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/20/2026

25-cv-6716 (LJL)
15cv10604 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

This order concerns two related appeals from the Bankruptcy Court for the Southern District of New York arising out of *In re Eletson Holdings*, Dkt. No. 23-Br-10322 (Bankr. S.D.N.Y. Filed Mar. 7, 2023). Familiarity with those proceedings is assumed.

The Notice of Appeal in *In re Eletson Holdings*, Dkt. No. 25-cv-6717 (S.D.N.Y. Filed Aug. 14, 2023) was filed on August 14, 2025. *Id.* at ECF No. 1. Appellants Apargo Limited, Fentalon Limited, and Desimusco Trading Limited (the "Cypriot Entities") appeal "each and every part" of the August 1, 2025 order of the Bankruptcy Court that granted Levona Holdings Ltd.'s Motion to Enforce the Stipulated Stay Relief Order and For Sanctions Against the Purported Preferred Nominees Pursuant to Section 105(a) of the Bankruptcy Code. *Id.* The Designation of the Bankruptcy Record on Appeal was filed on October 10, 2025, and the Counter Designation was filed the same day. ECF Nos. 13–14.

The Notice of Appeal in *In re Eletson Holdings*, Dkt. No. 25-cv-10604 (S.D.N.Y. Filed Dec. 22, 2025) was filed on December 22, 2025. *Id.* at ECF No. 1. The Cypriot Entities appeal "each and every part" of the November 19, 2025 order of the Bankruptcy Court that granted Eletson Holdings Inc.'s and Levona Holdings Ltd's Joint Motion for Sanctions Against the

Cypriot Entitites, Vassilis Kertsikoff and Laskarina Karastamati.  *Id.*  The Designation of Bankruptcy Record on Appeal was filed on January 8, 2026 and the Counter Designation was filed the same day.  ECF Nos. 4–5.  The Notice of Record of Appeal Availability was filed on the docket also on January 8, 2026.  ECF No. 6.

On April 29, 2026, the Court entered an order on both dockets directing the appellants to show cause why each matter should not be dismissed for the failure to file any brief within 30 days of the notice that the record has been sent or is available electronically.  Dkt. No. 25-cv-6717 ECF No. 15; Dkt. No. 25-cv-10604 ECF No. 7.  The Cypriot Entities filed the same Memorandum of Law in response to the show cause order in both cases.  *See* Dkt. No. 25-cv-6717 ECF No. 16; Dkt. No. 25-cv-10604 ECF No. 8.  As to Dkt. No. 25-cv-6717, it is uncontested that the Notice of Record of Appeal Availability had not been filed at the time of the Show Cause Order, and was not filed until May 13, 2026.  *Id.* ECF No. 17.  Accordingly, the time in which the appellant must file its opening brief has not yet run.  The Notice of Record of Appeal Availability in 25-cv-10604 was filed on January 8, and so the 30-day timeline set by Federal Rule of Bankruptcy Procedure 8018(a)(1) to file a brief has long-since run.  Where "an appellant fails to file a brief on time . . ., the district court . . . may—on its own or on the appellee's motion—dismiss the appeal."  Fed. R. Bankr. P. 8018(a)(4).  On that basis, the Appellees argue that the appeal in 25-cv-10604 should be dismissed.  Dkt. No. 25-cv-10604 ECF No. 11.

In their brief, Appellants argue that although the Court may dismiss the appeal in 25-cv-10604, it should exercise its discretion not to do so.  "The time limitations imposed by [the Bankruptcy Rules] are not jurisdictional, and hence the district court is not required . . . to dismiss the appeal of a party who has failed to meet those deadlines."  *In re Berlin & Denman*

*Distribs., Inc.*, 2014 WL 4354748, at \*1 (S.D.N.Y. Sept. 2, 2014) (quoting *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987)). Courts must "determine whether the dismissal is appropriate under the circumstances." *In re Great Atlantic & Pacific Tea Co., Inc.*, 618 B.R. 57, 63 (S.D.N.Y. 2020) (citing *In re Tampa Chain Co.*, 835 F.3d at 55). And "[g]enerally, a dismissal is warranted when an appellant failed to comply because of bad faith, negligence, or dilatoriness." *In re Fletcher Int'l, Ltd.*, 536 B.R. 551, 558 (S.D.N.Y. 2015) (cleaned up), *aff'd* 661 F. App'x 124 (2d Cir. 2016) (summary order). In evaluating whether neglect is excusable, courts consider "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, . . . and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Cypriot Entities argue that the delay in filing is due to their desire to "hold off" on briefing the appeal in 25-cv-10604 given that the Notice of Record of Appeal had not yet been filed in 25-cv-6716, and that there is a "connection between both rulings and appeals." Dkt. No. 25-cv-10604 ECF No. 8 at 10. As Appellees point out, if that had been the Appellant's desire, it was incumbent on them to either move for consolidation of the appeals or to otherwise request a stay in the latter-filed appeal. Dkt. No. 25-cv-10604 ECF No. 11 at 2.

Although true that Appellants have not offered good cause for the delay in filing of the brief, the Court nevertheless finds that dismissal would not be in the interests of justice. Primarily, the two appeals are closely connected. In the first, for which briefing remains timely, the Cypriot Entities appeal an order of the Bankruptcy Court imposing sanctions on the basis that those parties had violated a Stay Relief Order issued by the Bankruptcy Court by not updating the share registry of the entity that emerged from bankruptcy. Dkt. No. 25-cv-6717 ECF No. 1-

1.  In the second filed appeal, for which the time to file a brief has expired, the Cypriot Entities appeal the November 19, 2025 Order of the Bankruptcy Court imposing further sanctions on the basis that those entities' purported compliance with the August 1 order (again, the one at issue in 25-cv-6717) remained insufficient.  Dkt. No. 25-cv-10604 ECF No. 1-1.  In other words, both appeals implicated the Bankruptcy Court's continued findings that the Cypriot Entities are non-compliant with the same original directive.  In fact, if the Court were to find in favor of the Appellants on the first appeal, that would by necessity implicate the propriety of the Bankruptcy Court's actions in the second.

Additionally, the Appellees have no compelling prejudice that would be suffered by permitting late submission of briefing in Dkt. No. 25-cv-10604.  Appellees made no motion to dismiss based on the Cypriot Entities' failure to file an appeal in that docket and objected to an extension only upon the Court's Order to Show Cause.  Furthermore, Appellants have proposed an expedited briefing schedule that would cover both related appeals, now that the Notice of Record of Appeal has been filed in Dkt. No. 25-cv-6717, such that there will be no delay caused by the failure to brief the appeal in Dkt. No. 25-cv-10604.

Appellants are hereby ordered to submit their opening brief covering both 25-cv-6717 and 25-cv-10604 by May 29, 2026.  Subsequent deadlines are governed by the otherwise applicable rules.

SO ORDERED.

Dated: May 20, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4